UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------

DYSHAWN WHITE,

                    Petitioner,                           **MEMORANDUM & ORDER**
                                                 08-CV-04507 (MKB)

          v.

ROBERT ERCOLE, Superintendent, Green Haven
Correctional Facility,


                    Respondent.

-------------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Petitioner Dyshawn White brings the above-captioned petition pursuant to 28 U.S.C.

§ 2254, in which he alleges that he is being held in state custody in violation of his federal

constitutional rights. Petitioner's claims arise from a judgment of conviction after a jury trial in

New York State Supreme Court, Kings County, for manslaughter in the first degree, criminal

possession of a weapon in the second degree and reckless endangerment in the first degree.

Petitioner was sentenced to concurrent prison terms of twenty-five years for manslaughter,

fifteen years for criminal possession of a weapon and three-and-a-half to seven years for reckless

endangerment. Petitioner appealed his conviction to the New York Appellate Division, Second

Department, claiming that: (1) the trial court's jury charge erroneously permitted the jury to find

him guilty of manslaughter in the first degree and reckless endangerment in the first degree of

the same decedent; and (2) he was denied his constitutional rights to a fair trial because he was

not allowed to confront the witnesses who identified him as the shooter. The Appellate Division

found Petitioner's claims unpreserved for appellate review and affirmed his conviction. *People*

*v. White*, 854 N.Y.S.2d 758, 759 (App. Div. 2008). The New York Court of Appeals denied

leave to appeal. *People v. White*, 10 N.Y.3d 940 (2008). Petitioner raises the same claims in the instant petition. Petitioner also moves to hold the petition in abeyance to allow him to exhaust a claim of ineffective assistance of counsel. For the reasons set forth below, Petitioner's motion to hold the petition in abeyance is denied and the petition is denied.

## I.  Background

The evidence at trial established that on October 4, 2004, between 5:00 p.m. and 6:00 p.m., Petitioner was sitting on a park bench with Tiffani Steele and Dominique Hunter, in Brownsville, Brooklyn. (Resp. Aff. Ex. 3, Parts 4–6, Transcript of Trial ("Tr.") 126:4–127:10.) Aaron Nathaniel, a friend of the Petitioner, Nathaniel's two children and Hunter's child were nearby. (*Id.*) Nathaniel left his children with Hunter, Steele, and Petitioner to go to a nearby store and when Nathaniel returned, Petitioner told Nathaniel that he had placed a gun inside the stroller belonging to Nathaniel's children. (*Id.* at 178:7–12.)

Harry Adams and his brother, decedent Tranell Williams, approached Petitioner while Petitioner was sitting on the bench. (*Id.* at 46:22–25; 47:2–3.) The brothers wanted to speak with Petitioner about an incident that had occurred a few weeks earlier, in which Adams had allegedly physically beaten Petitioner's uncle. (*Id.* at 45:4–5.) Shortly after the men began speaking, Petitioner retrieved a gun from the stroller and placed it on his lap. (*Id.* at 52:1–53:1.) Steele and Hunter took the children and left to go to Steele's home in a nearby building. (*Id.* at 11:6–12:20.) Adams and Williams tried to explain to Petitioner that Adams was not involved in the assault of Petitioner's uncle. (*Id.* at 51:19–20, 55:1–6) Petitioner then stood up and fired one shot towards the ground. (*Id.* at 56:5–6.) The brothers began to run in different directions and Petitioner fired two more shots while they were running. (*Id.* at 56:9–15.) One bullet struck Williams in the back. (*Id.* at 70:9–15.) Adams later found Williams in the lobby of a nearby

building, where he had collapsed. (*Id*. at 58:20–59:24.) Williams was transported by ambulance to a nearby hospital, where he died as a result of the gunshot wound. (*Id*. at 70:19–71:24.)

Detective Paul Parsekian arrived on the scene shortly after Williams was transported to the hospital. (*Id*. at 249:22–250:18.) While conducting an investigation, Detective Parsekian spoke with unnamed witnesses who identified the Petitioner by name as the shooter. (*Id*. at 251:17–18, 252:9–18.) The police apprehended Petitioner on October 11, 2004. (*Id*. at 253:19–25.) Detective Parsekian conducted two consecutive line-up identifications, hours apart. (*Id*. at 255:13–24.) Adams and Steele each identified Petitioner as Dyshawn White from these line-ups. (*Id*. at 255:13–22.)

At trial, Parsekian testified that, after speaking with "witnesses regarding this incident," he was able to identify Petitioner by name as the suspected shooter. (*Id*. at 251:17–252:21.) Petitioner's trial counsel did not object to this testimony. (*Id*.) Detective Parsekian testified that both Adams and Steele had known Petitioner prior to the day of the shooting, and that Steele did not identify Petitioner as the shooter from the line-up, but only identified him as Dyshawn White. (*Id*. at 268:10–24.)

The trial court charged the jury on the law for murder in the second degree, manslaughter in the first degree, criminal possession of a weapon in the second degree, and reckless endangerment in the first degree. (*Id*. at 332:14–338:11.) The trial court instructed the jury that in order to find Petitioner guilty of murder in the second degree, the jury had to find that Petitioner had acted with the "intent to cause the death of another person," and that the term "intent" meant "conscious objective or purpose." (*Id*. at 332:14–25.) The court also instructed the jury that in order to find the Petitioner guilty of manslaughter in the first-degree, it had to find that Petitioner "acted with the intent to cause serious physical injury to Williams and caused

3

his death," and that the term "intent" was defined as a person's "conscious aim or objective." (*Id.* 334:12–14.) The trial court further instructed the jury that in order to find Petitioner guilty of reckless endangerment in the first degree, it had to find that Petitioner "recklessly engaged in conduct which created a grave risk of death to another person by firing a weapon on a street with other persons . . . under circumstances evincing a depraved indifference to human life." (*Id.* 339:21–340:2.) The court defined "recklessly" as "engag[ing] in conduct which creates a substantial, unjustifiable and grave risk of death to another person, and when he is aware of and consciously disregards that risk. . . ." (*Id.* 338:12–17.)

Petitioner's trial counsel objected to the court's reckless endangerment charge, arguing that the "People had to elect a theory of their prosecution" — *i.e.*, that the People had to choose either an "intentional" or "reckless" theory of prosecution. (*Id.* 343:14–20.) The trial court overruled counsel's objection, stating, "[T]hey both have to go to the jury, both counts have to go to the jury." (*Id.* 343:21–22.) Later, while the jury was out of the room in deliberations, the court clarified to the parties remaining in the room that the reckless endangerment charge was made with reference to shooting "in the direction of other people, that there were other people in the street . . . [s]o it's not the same concept as the murder in the second degree." (*Id.* 351:15–352:1.) The jury acquitted Petitioner of murder in the second degree, but found him guilty of manslaughter in the first degree, criminal possession of a weapon in the second degree and reckless endangerment in the first degree. (*Id.* at 352:9–353:13.) Petitioner was sentenced to concurrent terms of twenty-five years of imprisonment on the manslaughter charge, fifteen years on the weapon-possession charge, and three-and-a-half years to seven years on the reckless endangerment charge. (Resp. Aff. Ex. 3 Part 6, Transcript of Sentencing Hearing at 14:4–10.)

Petitioner appealed to the Appellate Division, arguing that the court's jury instruction failed to limit the reckless endangerment charge to the creation of a grave risk of death to a person other than the decedent, which erroneously permitted the jury to find the Petitioner guilty of both first-degree manslaughter and reckless endangerment, because they required inconsistent states of mind.  (Resp. Aff. Ex. 1, Petitioner's Appellate Division Brief ("Pet. App. Brief") 12.) Petitioner argued that the evidence presented at trial indicated that not enough other people were present for Petitioner's alleged actions to have created a grave risk of death to anyone other than the decedent, and that since the jury had found Petitioner guilty of the intentional killing of Williams, the charge erroneously permitted them to also find Petitioner guilty of acting with depraved indifference to a grave risk of death by shooting toward Williams.  (*Id*. at 13–14.) Petitioner further argued that he was denied his constitutional right to a fair trial when Detective Parsekian was permitted to testify that he identified and ultimately arrested Petitioner as the shooter based on his interviews of unidentified witnesses on the day of the shooting. (*Id*. at 18–21.)

On April 1, 2008, the Appellate Division affirmed the judgment of the lower court. *White*, 854 N.Y.S.2d at 758.  The Appellate Division held that Petitioner's claim regarding the reckless endangerment charge was unpreserved pursuant to the New York contemporaneous objection rule and declined to review the claims in the interest of justice.  *Id*. at 759.  The Appellate Division found that although Petitioner had objected to the submission of manslaughter and reckless endangerment counts as based on inconsistent states of mind, he had not objected specifically to the trial court failing to limit the reckless endangerment charge to the creation of a grave risk of danger to persons other than the decedent and that, at any rate, the "verdict of guilt was not against the weight of the evidence."  *Id*.  The Appellate Division also

found that Petitioner's remaining [fair trial] claim was unpreserved for appellate review, and declined to review that claim "in the exercise of [its] interest of justice jurisdiction." *Id*. The New York Court of Appeals denied leave to appeal. *White*, 10 N.Y.3d at 940.

Petitioner filed this petition on November 4, 2008, asserting the same arguments as he did before the Appellate Division, that: (1) the trial court's jury charge erroneously permitted the jury to find him guilty of both manslaughter and reckless endangerment of the same person, even though the charges require inconsistent states of mind; and (2) he was denied his constitutional rights to a fair trial when Detective Parsekian testified that he identified and arrested Petitioner as the suspect after speaking with unidentified witnesses. (Petition at 8.) Respondent opposes the petition on the grounds that: (1) the Appellate Division rejected these claims on independent and adequate state grounds — New York's contemporaneous objection rule, (Resp. Mem. 1–4), and (2) in any event, the claims were without merit. (*Id*. at 4.) In his reply, Petitioner argues that: (1) the state appeals court decision did not clearly and expressly state that its judgment rested on a procedural bar; and (2) there was cause and prejudice for Petitioner's procedural default. (Pet. Reply 3–6.) Petitioner asserts that his trial counsel's failure to object and preserve the constitutional claims at the trial court level deprived him of his Sixth Amendment right to the effective assistance of counsel. (*Id*. at 4.) Petitioner also requests that the Court hold the habeas petition in abeyance to allow him to exhaust his claim of ineffective assistance of counsel to serve as cause to excuse the procedural default. (Pet. Letter dated June 20, 2011.)

## II. Discussion

### a. Standard of Review

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment may only be brought on the grounds that his or her custody is

6

"in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

A petitioner is required to show that the state court decision, having been adjudicated on the

merits, is either "contrary to, or involved an unreasonable application of, clearly established

Federal law" or "based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding." § 2254(d); *see also Johnson v. Williams*, 568 U.S. ---, -

--,133 S.Ct. 1088, 1091 (2013); *Lafler v. Cooper*, 566 U.S. ---, ---, 132 S. Ct. 1376, 1390 (2012).

For the purposes of federal habeas review, "clearly established law" is defined as the "the

holdings, as opposed to dicta, of [the Supreme] Court's decisions as of the time of the relevant

state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A state court decision is

"contrary to," or an "unreasonable application of," clearly established law if the decision (1) is

contrary to Supreme Court precedent on a question of law; (2) arrives at a conclusion different

than that reached by the Supreme Court on "materially indistinguishable" facts; or (3) identifies

the correct governing legal rule but unreasonably applies it to the facts of the petitioner's case.

*Id.* at 412–13. In order to establish that a state court decision is an unreasonable application, the

state court decision must be "more than incorrect or erroneous." *Lockyer v. Andrade*, 538 U.S.

63, 75 (2003). The decision must be "objectively unreasonable." *Id.* In addition, factual

determinations made by the state court are presumed to be correct, and the petitioner bears the

burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C.

§ 2254(e)(1).

### b. Petitioner's Claims are Procedurally Barred

Petitioner argues that the trial court's jury charge erroneously permitted the jury to find

him guilty of manslaughter in the first degree and reckless endangerment of the same person,

based on inconsistent states of mind. (Petition 8; Pet. App. Brief 12–18.) Petitioner also argues

that his constitutional right to a fair trial was denied when Detective Parsekian testified at trial

that he was able to identify Petitioner as the shooter after interviewing witnesses who were never

identified at trial and whom Petitioner was never able to cross examine. (Petition 8; Pet. App.

Brief 18–24.) Petitioner presented both of these arguments to the Appellate Division, which

found that each claim was unpreserved for appellate review and declined to reach the claims in

the exercise of its "interest of justice jurisdiction." *White*, 854 N.Y.S.2d at 759. Respondent

argues that Petitioner's claims are procedurally barred because the final state court determination

of those claims was based on adequate and independent state grounds. (Resp. Mem. 1–2.) The

Court agrees. The Appellate Division found Petitioner's claims unpreserved pursuant to New

York's contemporaneous objection rule, CPL § 470.05, and declined to review them in the

interest of justice. *White*, 854 N.Y.S.2d at 759.

Federal courts are generally not permitted to "review questions of federal law presented

in a habeas petition when the state court's decision rests upon a state-law ground that 'is

independent of the federal question and adequate to support the judgment.'" *Cone v. Bell*, 556

U.S. 449, 465 (2009) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). A state law

ground is deemed "adequate" if the rule "is firmly established and regularly followed by the state

in question." *Whitley v. Ercole*, 642 F.3d 278, 286 (2d Cir. 2011) (quoting *Garcia v. Lewis*, 188

F.3d 71, 77 (2d Cir. 1999)). It is well-settled that New York's contemporaneous objection rule is

an adequate and independent bar to federal habeas review. *See, e.g.*, *Whitley*, 642 F.3d at 292

(concluding that contemporaneous objection rule is and adequate and independent state ground

for Appellate Division's affirmation of habeas petitioner's conviction "and therefore sufficient to

foreclose federal habeas review of the unpreserved claim."); *Downs v. Lape*, 657 F.3d 97, 104

(2d Cir. 2011) (finding that contemporaneous objection rule "constitutes an independent ground

for disposing of [the petitioner's] claim, and that the rule was firmly established and regularly followed"); *Garcia*, 188 F.3d at 79 ("[W]e have observed and deferred to New York's consistent application of its contemporaneous objection rules."); *Williams v. Ercole*, No. 09-CV-63, 2011 WL 4944268, at *6 (E.D.N.Y. Oct. 12, 2011) (finding adequate and independent state law ground where the petitioner failed to raise his legal insufficiency claim at trial); *Jones v. Marshall*, No. 08-CV-5793, 2011 WL 9386, at *9 (S.D.N.Y. Jan. 3, 2011) (same).

Petitioner argues that notwithstanding the Appellate Division's decision, his claim is not procedurally barred because the Appellate Division did not "clearly and expressly" state that its judgment rested on a procedural bar. (Pet. Reply 3 (citing *Harris v. Reed*, 489 U.S. 255 (1989)). Petitioner states that "[w]hen a state court uses language such as the defendant's remaining contentions are either unpreserved for appellate review or without merit, the validity of the claim is preserved and is subject o federal review." (*Id.*) Petitioner's reliance on *Harris* is misplaced. In *Harris v. Reed*, the Supreme Court held that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris*, 489 U.S. at 263. Shortly after *Harris* was decided, in *Coleman v. Thompson*, the Supreme Court limited the reach of *Harris*, holding that a federal court should address a habeas petition only when it "fairly appears that a state court judgment rested primarily on federal law or was interwoven with federal law." *Coleman*, 501 U.S. at 739; *see also Aparicio v. Artuz*, 269 F.3d 78, 92 (2d Cir. 2001) ("*Coleman* thus recast the clear statement rule, holding that when the state court's decision "fairly appeared to rest primarily on resolution of [the petitioner's federal] claims or to be interwoven with those claims, and did not clearly and expressly rely on an

adequate and independent state ground, a federal court may address the petition." (alteration in original)).

Here, the Appellate Division addressed Petitioner's argument "that the court's charge on reckless endangerment did not clearly specify that this count pertained only to the reckless creation of a grave risk of death to a person other than the victim" by stating "[a]s this specific issue was never brought to the attention of the trial court, it is unpreserved for appellate review and we decline to reach it in the exercise of our interest of justice jurisdiction." *White*, 854 N.Y.S.2d at 758, 759 (citing N.Y. Crim. Pro. L. § 470.05(2)). Likewise, the Appellate Division found that "[t]he defendant's remaining contention is unpreserved for appellate review and we decline to review it in the exercise of our interest of justice jurisdiction." *Id*. at 759 (citing N.Y. Crim. Pro. L. § 470.05(2) and *People v. Odubogun*, 827 N.Y.S.2d 877 (2007)). This language makes it clear that the Appellate Division's reason for rejecting Petitioner's claim rested solely on the adequate and independent state ground of the contemporary objection rule.[1] Because the Appellate Division's final determination of Petitioner's claims was decided on the basis of an adequate and independent state law ground, the Court is barred from addressing the merits of Petitioner's habeas petition.[2]

---

[1] The Appellate Division's decision not to address Petitioner's claim through its exercise of "interest of justice jurisdiction" is exercised pursuant to discretion afforded the state court under New York State law. *See* N.Y. Crim. Proc. Law § 470.15(3)(c). Thus, the secondary reason for the Appellate Division's decision was also based on adequate and independent state law grounds.

[2] Petitioner's argument that "[w]hen a state court uses language such as the defendant's remaining contentions are either unpreserved for appellate review or without merit, the validity of the claim is preserved and is subject to federal review," while true, is not relevant to the Appellate Division's decision here. The Second Circuit has held that a state court decision may not be presumed to have relied solely on procedural grounds when it uses the specific language "[t]he defendant's remaining contentions are either unpreserved for appellate review *or* without merit," *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 810 (2d Cir. 2000) (emphasis added). Here, the Appellate Division did not use such an "either / or" construction. In *Fama*, the Second

### i. There is No Cause and Prejudice for Petitioner's Procedural Default

Petitioner argues for the first time in his reply papers that there was cause and prejudice

for the procedural default — the ineffectiveness of his trial counsel. (Pet. Reply 4.) A court may

review a claim that is procedurally barred if "the prisoner can demonstrate cause for the default

and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure

to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at

750; *see also Rush v. Lempke*, 500 F. App'x 12, 15 (2d Cir. 2012) (same). Prejudice must be

established by showing that the error that resulted from the cause for the procedural default

"resulted in 'substantial disadvantage, infecting [the] entire trial with error of constitutional

dimensions.'" *Gutierrez v. Smith*, 702 F.3d 103, 112 (2d Cir. 2012) (quoting *Murray v. Carrier*,

477 U.S. 478, 494 (1986), *cert. denied*, 571 U.S. ---, 134 S. Ct. 439 (2013).

Ineffective assistance of counsel can constitute "cause" to excuse a procedural default.

*Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Jones v. Armstrong*, 367 F. App'x 256, 257

(2d Cir. 2010) (citing *Murray*, 477 U.S. at 488). However, in order to constitute "cause," the

ineffectiveness of counsel must first be established to be "of Constitutional dimensions," which

in turn requires exhaustion in state court. *See Edwards*, 529 U.S. at 451 ("A claim of ineffective

assistance . . . generally must be presented to the state courts as an independent claim before it

may be used to establish cause for a procedural default." (citing *Murray*, 477 U.S. at 489

---

Circuit reasoned that the use of the term "or" left open two distinct possible sources of the state
court's determination, one based on a state procedural bar and the other based on the merits,
thereby precluding a finding that the decision "clearly and expressly" stated that its judgment
rests on the procedural bar. *Id.*; *see also Dolan v. Donelli*, No. 06-CV-5891, 2010 WL 5491101,
at *6 (E.D.N.Y. Dec. 30, 2010) (finding that Appellate Division's affirmation of conviction
failed to "clearly and expressly" state the grounds for its decision, thereby preserving the claim
for federal habeas review under *Fama*, where the decision stated that the appellant's ineffective
assistance of counsel claim was "either not preserved for appellate review, without merit, or
constituted harmless error in view of the overwhelming evidence of guilt"). Here, there is no
room for uncertainty or ambiguity in the Appellate Division's decision, which is squarely based
solely on a state procedural bar.

(alteration and internal quotation marks omitted))); *DiSimone v. Phillips*, 461 F.3d 181, 191 (2d

Cir. 2006) (ineffective assistance of counsel claims "cannot constitute 'cause' for procedural

default unless first presented in state court as an independent constitutional claim" (citing

*Edwards*, 529 U.S. at 451–52)); *Williams v. Artus*, No. 11-CV-5541, 2013 WL 4761120, at *26

(E.D.N.Y. Sept. 4, 2013) (noting that "ineffective assistance adequate to establish cause for the

procedural default of some *other* constitutional claim is *itself* an independent constitutional

claim," and "the principles of comity and federalism that underlie our longstanding

exhaustion doctrine . . . require *that* constitutional claim, like others, to be first raised in state

court" (quoting *Edwards*, 529 U.S. at 451)).

Petitioner has not presented an ineffective assistance of counsel claim to the state courts;

accordingly, the ineffective assistance of counsel claim is not exhausted and Petitioner may not

rely on it to establish cause for his procedural default.  However, Petitioner requests that the

Court hold his Petition in abeyance so that he may exhaust this claim.  (Pet. Letter dated June 20,

2011.)

### ii.    Petitioner's Application to Hold the Petition in Abeyance

When a habeas petition is a "mixed" one — that is, one containing both exhausted and

unexhausted claims — a district court has discretion to hold the petition in abeyance to permit a

petitioner to exhaust the unexhausted claims, provided that "petitioner had good cause for his

failure to exhaust," and "his unexhausted claims are potentially meritorious." *Rhines v. Weber,*

544 U.S. 269, 276 (2005).  However, in this case the petition is not a "mixed" one as it contains

only the exhausted claims presented to the Appellate Division, and does not include the

unexhausted claim of ineffective assistance of counsel.  In some cases courts will grant a

petitioner's application to amend a petition to add an unexhausted claim, and will apply the

factors established in *Rhines* to hold a petition in abeyance to permit the petitioner to exhaust the newly added claim. *See Nickels v. Conway*, No. 10-CV-0413, 2013 WL 4403922, at \*6 (W.D.N.Y. Aug. 15, 2013). Here, Petitioner does not seek leave to amend the Petition. "Under such circumstances . . . courts in this circuit have generally required the petitioner first to seek leave to amend the petition to add the new claim before applying the *Rhine*[*s*] test." *Madrid v. Ercole*, No. 08-CV-4397, 2012 WL 6061004, at \*2 (E.D.N.Y. Dec. 6, 2012) (collecting cases).

Even if Petitioner were seeking to amend the petition here, such amendment would be futile because Petitioner's ineffective assistance of counsel claim is procedurally barred. Under New York law, claims that are not raised on direct appeal may not be raised on collateral review when "sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion." N.Y. Crim. Pro. L. § 440.10(2)(c); *People v. Mobley*, 873 N.Y.S.2d 736, 737 (App. Div. 2009) (affirming county court denial of § 440.10 motion to vacate conviction where "the defendant failed to raise this claim on his direct appeal from the judgment, and the record presented sufficient facts to have permitted adequate appellate review of that claim); *People v. Smith*, 703 N.Y.S.2d 616, 617 (App. Div. 2000) ("[A]lthough sufficient facts appear on the trial record to have permitted adequate appellate review of the contention that defendant was denied effective assistance of counsel, he unjustifiably failed to raise that contention on his appeal from the judgment of conviction.").

Petitioner's claim of ineffective assistance of counsel is based on his trial counsel's failure to object to the jury charges at trial, which claim can be assessed solely by looking at the trial record. *See Sweet v. Bennett*, 353 F.3d 135, 140 (2d Cir. 2003) ("Sweet's appellate counsel unjustifiably failed to argue this ineffective assistance claim [for failure to object to a jury

13

charge] on direct appeal despite a sufficient record, and consequently waived the claim under

§ 440.10(2)(c)."); *Whyte v. Ercole*, No. 04-CV-1287, 2007 WL 2782757, at *9 (E.D.N.Y.

Sept. 24, 2007) ("[T]he procedural bar remains applicable to ineffective assistance of counsel

claims that are clearly demonstrable without resort to matters outside the record."). In addition,

the trial record provided a sufficient basis for a reviewing court to assess an ineffective

assistance claim on trial counsel's failure to object to Detective Parsekian's reliance on hearsay

testimony, resulting in an alleged violation of Petitioner's right of confrontation. *See Jones v.

Woods*, 2009 WL 4906882, at *2 (E.D.N.Y. Dec. 18, 2009) (petitioner's claim of ineffective

assistance of counsel for failure to object to introduction of hearsay statements in violation of the

Confrontation Clause was "based on matters that appear on the record and could have been

raised on direct appeal" and thus could no longer, under New York law, be addressed by state

court in collateral review).

Because Petitioner did not raise the claim of ineffective assistance of counsel on direct

appeal, and it could have been addressed solely by reviewing the trial record, New York law

would require a state court on collateral review to find the claim procedurally defaulted. *See id*.

at * 2 ("Because Jones has already taken his one appeal as a matter of right, he no longer has a

forum in state court to raise these claims. . . . [C]onsideration of the merits [on collateral review]

is procedurally barred." (citing N.Y. Court Rules § 500.10(a) and N.Y. Crim. Proc. L.

§ 440.10(2)(c))). A habeas petitioner seeking to establish that his constitutionally defective

assistance of counsel should serve as cause to excuse the default of his underlying habeas claims

must give the state courts a "fair" opportunity to pass on the merits of such claim of ineffective

assistance of counsel. *See Edwards*, 529 U.S. at 453. Where the claim that purports to establish

cause-and-prejudice is itself procedurally defaulted, the state courts have not had such a fair

opportunity to address the merits. *See id.* ("The purposes of the exhaustion requirement . . .

would be utterly defeated if . . . [we were] to allow federal review to a prisoner who

had *presented* his claim to the state court, but in such a manner that the state court could not,

consistent with its own procedural rules, have entertained it." (citing *O'Sullivan v. Boerckel*, 526

U.S. 838, 848 (1999))). In other words, because the state court would determine that Petitioner's

ineffective assistance of counsel claim is procedurally defaulted, this Court is precluded from

considering whether the ineffectiveness of counsel was of such constitutional magnitude that it

provides adequate cause-and-prejudice for the default of Petitioner's central claims. *See Sweet*,

353 F.3d at 139 ("[T]he Supreme Court has held that when a 'petitioner failed to exhaust state

remedies and the court to which the petitioner would be required to present his claims in order to

meet the exhaustion requirement would now find the claims procedurally barred,' federal habeas

courts also must deem the claim procedurally defaulted." (citing *Coleman*, 501 U.S. at 735 n. 1)).

## III.  Conclusion

For the foregoing reasons, the request to hold the petition in abeyance to allow Petitioner

to exhaust his ineffective assistance of counsel claim is denied as this claim was not asserted in

the petition and, in any event, such a claim would be procedurally barred. The petition for

habeas corpus under 28 U.S.C. § 2254 is also denied as the state court determination of

Petitioner's claims was based on an adequate and independent state law ground. The Court will

not issue a certificate of appealability. *See* 28 U.S.C. § 2253. It is further certified pursuant to

28 U.S.C. § 1915(a) that any appeal would not be taken in good faith.  *Coppedge v. United States*, 369 U.S. 438 (1962).  The Clerk of Court is directed to close the case.

SO ORDERED:

                                               s/MKB

                                   MARGO K. BRODIE
                                   United States District Judge

Dated:  March 19, 2014
        Brooklyn, NY